# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LAWRENCE MONROE,              )
                              )
            Plaintiff,        )
                              )
v.                            )    Case No. CIV-15-487-JHP-KEW
                              )
NANCY A. BERRYHILL, Acting    )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff Lawrence Monroe (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 28, 1967 and was 47 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a security guard. Claimant alleges an inability to work beginning October 21, 2010 due to limitations resulting from mental disorder, arthritis, lumbosacral spine disorder, chronic obstructive pulmonary disorder ("COPD"), and sleep apnea.

**Procedural History**

On July 20, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 9, 2014, Administrative Law Judge Doug Gabbard, II ("ALJ") conducted a hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. On September 26, 2014, the ALJ issued an unfavorable decision. On November 6, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a full range of work at all exertional levels with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to perform a proper credibility analysis; (2) reaching an unsupported RFC; and (3) failing to develop the record.

**Credibility Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of asthma, COPD, and affective disorder. (Tr. 17). The ALJ concluded that Claimant retained the RFC to perform a full range of work at all exertional levels except that Claimant must be allowed unskilled work, defined as requiring little to no judgment to do simple duties that could have been learned on the job at a short period of time. He must be only occasionally be required to understand, remember, and complete detailed tasks or instructions and occasionally have adapted to workplace changes. Supervision must be simple, direct, and concrete and non-confrontational. The ALJ determined that Claimant must be allowed to work in settings where he could work alone and where interpersonal contact with supervisors and co-workers was on a superficial basis. He must not be allowed to work at production line speed and have not contact with the general public. He must avoid concentrated exposure to dust, fumes, odors, gases, and other pulmonary irritants. (Tr. 19).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of laundry worker I and conveyor line bakery worker, both of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 23-24). As a result, the ALJ found Claimant was not disabled from October 21, 2010 through December 31, 2012, the date last insured. (Tr. 24).

Claimant contends the ALJ erred in his analysis of Claimant's credibility. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

**RFC Evaluation**

Claimant contends the ALJ reached an unsupported RFC. Other than simply citing the various conditions with which Claimant has been diagnosed, Claimant is vague as to the specific limitations which conflict with the RFC found by the ALJ. Claimant cites primarily to the report of the consultative mental examiner Dr. Beth Jeffries, who evaluated Claimant on October 27, 2012. Dr. Jeffries diagnosed Claimant with mood disorder, NOS and gambling addiction. (Tr. 364). Dr. Jeffries concluded Claimant did not meet the diagnosis criteria for major mood or psychotic disorder or thought or cognitive disorder. His symptoms were described as past issues with depression and anger. He represented that he was

6

"happy" to Dr. Jeffries. Dr. Jeffries recommended continued treatment for depression and possibly adding a counselor to address mood lability, life skills, and social skills improvement. Dr. Jeffries expressed the opinion that Claimant would experience difficulty in his ability to maintain concentration over an eight hour work day and a 40 hour work week. She also believed Claimant would not manage pace or flexibility within an occupational setting well. He exhibited minimally adequate social skills but "displayed an odd presentation that might serve to alienate him within most occupational settings." Dr. Jeffries concluded that Claimant had the ability to understand simple and complex instructions, likely could retain the information and implement those instructions as needed within a work setting, if under low stress. A faster pace and higher need for flexibility would likely result in decompensation. Dr. Jeffries also found Claimant was not capable of his own money management given his gambling addiction. (Tr. 364).

The ALJ gave "substantial weight" to Dr. Jeffries findings resulting from her examination, characterizing them as overall normal status. He gave "no weight", however, to Dr. Jeffries findings that Claimant would experience difficulty with concentration for an eight hour workday, could not manage pace and

7

flexibility in an occupational setting, and possessed minimally adequate social skills that might alienate him in an occupational setting. He rejected these findings because the findings was subjective and fails to correlate with the objective evidence from the examination. As an example of this, the ALJ state that Dr. Jeffries' testing showed Claimant was capable of immediate recall, capable of discussing literature, and capable of math computations. He also noted Dr. Jeffries found his appearance to be poor and disheveled. (Tr. 21).

The ALJ appears to have selected to give those portions of Dr. Jeffries' opinion which supported a finding of non-disability substantial weight while rejecting those findings that contradicted such a conclusion. The ALJ is required to evaluate every medical opinion in the record. <u>Salazar v. Barnhart</u>, 468 F.3d 615, 625-26 (10th Cir. 2006). Opinions by consultative physicians must be evaluated according to the factors contained in 20 C.F.R. § 416.927(c). These factors include (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a

whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Chapo v. Astrue, 682 F.3d 1285, 1291 (10th Cir. 2012). After evaluating the opinion using these factors, the ALJ must provide a valid explanation for the weight afforded the opinion and provide specific and legitimate reasons if the opinion is rejected. Id. In this case, the ALJ appears to take disassociated findings from testing and apply them to contradict Dr. Jeffries mental health limitations. He found Claimant could recall, discuss literature, and perform math which does not entirely correlate to contradict Dr. Jeffries' finding of poor concentration over eight hours, difficulty managing pace, and odd presentation.

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). This is precisely what the ALJ did in

accepting the mental health condition findings which showed "overll normal mental status" while rejecting the occupational difficulties caused by specific problems Claimant experienced. On remand, the ALJ shall re-evaluate Dr. Jeffries' opinion, especially in light of the fact that he concluded Claimant could perform at all exertional levels.

**Duty to Develop the Record**

Claimant asserts "[t]he ALJ should have developed the record further to get a more accurate assessment of his true limitations." Claimant's assertion of error in this regard is vague, generalized, and without particularity. In short, this Court is uncertain what Claimant is urging in the way of further record development. No further development is necessary or required.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections,

with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE